# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LOUIS HOLGER,

        Plaintiff,

    v.

BETH PHILLIPS, *et al.*,

        Defendants.

Case No. 3:18-cv-00284-SLG

## ORDER OF DISMISSAL

Louis Holger, a self-represented prisoner, filed a document entitled "Notice and Claim for Equal Justice Under the Law," on December 6, 2018. The Court will treat this document as a complaint under Federal Rule of Civil Procedure 7(a). Mr. Holger's document weaves together excerpted sections of the U.S. Constitution and the United States Code with declarations of Mr. Holger's intended actions, self-granted authority, and accusations of judicial impropriety. The allegations appear to relate to his dissatisfaction with the outcome of his prior lawsuit in the U.S. District Court for the Western District of Missouri, Southern Division.[1]

Mr. Holger filed a Civil Cover Sheet with his complaint. There, he indicates he seeks to sue U.S. District Court Judge Beth Phillips, Clerk of Court Paige Wynmore-Wynn, and the American British Accredited Registry Association, Inc.

---

[1] *See* Docket 1.

He identifies the cause of action as the "United States Constitution, Unanimous Declaration of Independence, and the United Nations Universal Declaration of Human Rights."[2] Additionally, Mr. Holger filed an Application to Proceed in District Court without Prepayment Fees or Costs.[3]

Mr. Holger requests this Court issue the resignation and/or termination of Judge Phillips and Paige Wynmore-Wynn, investigate Judge Phillips, Ms. Wynmore-Winn, and the written record of the American British Accredited Registry Association, take Judge Phillips into custody for public safety, and hold that Judge Phillips and Ms. Wynmore-Wynn to be held liable for $500,001 in damages, each.[4]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceeds in a lawsuit in federal court without paying the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[5]

---

[2] Docket 2.

[3] Docket 3.

[4] Docket 1 at 6.

[5] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:18-cv-284-SLG, *Holger v. Phillips, et al.*
Order of Dismissal
Page 2 of 8

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[6] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[7] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8]

## DISCUSSION

Mr. Holger's complaint fails to state a claim upon which relief may be granted. The complaint fails to allege plausible facts, law that provides a private cause of action, or defendants with the capacity to be sued. For the reasons explained below, the complaint will be dismissed for being deficient. In this case, amendment would be futile; therefore, leave to amend will not be permitted.

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:18-cv-284-SLG, *Holger v. Phillips, et al.*
Order of Dismissal
Page 3 of 8
Case 3:18-cv-00284-SLG   Document 6   Filed 01/22/19   Page 3 of 8

## Failure to State a Claim

A complaint seeking relief from a federal court must be clear. Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Mr. Holger is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, (4) who he is alleging caused that specific harm to him, and (5) what specific law he is alleging was violated as to that specific claim.

Mr. Holger's complaint intersperses excerpts of the U.S. Constitution, federal code, and selective legal definitions with accusations of judicial and legal wrongdoing. None of the provisions and principles of law cited in Mr. Holger's provide a private cause of action. As previously explained, federal criminal law does not provide a private cause of action for private citizens.[9] Federal criminal laws are only enforceable by federal law enforcement. Moreover, the complaint makes broad allegations and does not include facts, dates, times, or details as to the alleged harms specific to Mr. Holger. The complaint fails to state a claim upon which relief may be granted.[10]

---

[9] *See, e.g., Holger v. United States of America, Inc.*, Case No. 3:18-cv-241-RRB; *Holger et al v. Burgess, et al.*, Case No. 3:18-cv-277-RRB; *Holger v. Burgess et al.*, Case No. 3:18-cv-287-RRB.

[10] Fed. R. Civ. P. 12(b)(6).

Case No. 3:18-cv-284-SLG, *Holger v. Phillips, et al.*
Order of Dismissal
Page 4 of 8
Case 3:18-cv-00284-SLG   Document 6   Filed 01/22/19   Page 4 of 8

## Judicial Immunity

Judicial immunity is a long-standing principle of American law.[11] As a matter of law, judges are absolutely immune from suit for "for judicial acts taken within the jurisdiction of the courts . . . ."[12] "A judge loses absolute immunity only when [she] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."[13] Judges retain immunity even when accused of acting maliciously, corruptly, or in error.[14] "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[15]

Mr. Holger seeks to invalidate Judge Phillips' decisions and alleges that she is frequently presiding in the federal district court. Judge Phillips is a United States District Judge, having been nominated by the President and confirmed by the United States Senate.[16] Therefore, Judge Phillips is absolutely immune from suit for actions taken within her official capacity.

---

[11] *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974).

[12] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curium).

[13] *Rockwood*, 846 F.2d at 1204.

[14] *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curium); *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978); *Meek v. Cty. of Riverside*, 183 F.3d962, 965 (9th Cir. 1999).

[15] *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *see also Miller v. Davis*, 521 F. 3d 1142, 1145 (9th Cir. 2008).

[16] S. Exec. Res. PN634, 112th Cong. (2011) (confirming the judicial nomination of Mary Elizabeth Phillips).

Case No. 3:18-cv-284-SLG, *Holger v. Phillips, et al.*
Order of Dismissal
Page 5 of 8
Case 3:18-cv-00284-SLG   Document 6   Filed 01/22/19   Page 5 of 8

### Court Clerks

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."[17] And the "commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process."[18] A mistake does not abrogate this immunity even if it results in "grave procedural errors."[19] Mr. Holger accuses Ms. Wynmore-Wynn of failing to properly issue documents with seals and deliver his summons in other lawsuits. These tasks are an integral part of the judicial process for a United States District Court. Therefore, Ms. Wynmore-Wynn is immune from Mr. Holger's suit.

### American British Accredited Registry Association, Inc.

Mr. Holger names the American British Accredited Registry Association, Inc. as a defendant in his suit. Rule 17 of the Federal Rules of Civil Procedure explains the types of entities that may be sued.

The British Accredited Registry, or here named as the American British Accredited Registry, is not a corporation or any type of organized entity. The British Accredited Registry is a conspiracy theory alleging that there is a secret bar

---

[17] *Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).

[18] *Id.*

[19] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Case No. 3:18-cv-284-SLG, *Holger v. Phillips, et al.*
Order of Dismissal
Page 6 of 8
Case 3:18-cv-00284-SLG   Document 6   Filed 01/22/19   Page 6 of 8

association of lawyers who work for the British monarchy.[20] This theory has been traced to an anonymously authored essay, "Hiding Behind the Bar," which circulates in tax protestor and sovereign citizen groups. Fact checking services have disproven the essay and have stated that "almost every part of this is factually inaccurate."[21] No entities of this name or organization exist. Therefore, no plausible defendant exists to sue.

For the reasons discussed above, Mr. Holger has failed to name any viable nonimmune defendants, and thusly, has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED:**

1. Mr. Holger's action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)(2)(B)(ii).
2. Mr. Holger's Application to Proceed without Prepaying Fees or Costs at Docket 3 is DENIED as moot.

---

[20] Dan MacGuill, *Does the 'bar' in 'Bar Exam' Denote a Secret Lawyers' Conspiracy?*, SNOPES (Jan. 23, 2018), https://www.snopes.com/fact-check/british-accredited-registry-bar/

[21] *Id.*

Case No. 3:18-cv-284-SLG, *Holger v. Phillips, et al.*
Order of Dismissal
Page 7 of 8
Case 3:18-cv-00284-SLG   Document 6   Filed 01/22/19   Page 7 of 8

3. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).[22] Mr. Holger has three "strikes."[23] However, for record keeping purposes this dismissal is also recorded as a strike. The Clerk of Court is directed to no longer accept Mr. Holger's filings without pre-screening and approval from the Court or prepayment of the filing fee.

4. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 22nd day of January, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] 28 U.S.C. § 1915(g) provides that a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in 'imminent danger of serious physical injury."

[23] *See Holger v. Burgess, et al.*, Case No. 3:18-cv-166-RRB; *Holger v. United States of America, Inc.*, Case No. 3:18-cv-241-RRB; *Holger et al., v. Burgess et al.*, 3:18-cv-277-RRB.

Case No. 3:18-cv-284-SLG, *Holger v. Phillips, et al.*
Order of Dismissal
Page 8 of 8
Case 3:18-cv-00284-SLG   Document 6   Filed 01/22/19   Page 8 of 8